# EXHIBIT G

No. 2020-02006

| | | |
|---|---|---|
| REBOUND INTERNATIONAL, LLC; <br> BULLSEYE ENERGY, LLC, | § <br> § <br> § | IN THE DISTRICT COURT OF |
| Plaintiff, | § <br> § | |
| v. | § <br> § | HARRIS COUNTY, TEXAS |
| EXPEDI, INC.; TIMOTHY JOHN NEAL; <br> LAWRENCE P. NEAL | § <br> § <br> § | |
| Defendants. | § | 133RD JUDICIAL DISTRICT |

## PLAINTIFFS' OBJECTIONS AND ANSWERS TO
## DEFENDANT EXPEDI'S FIRST SET OF INTERROGATORIES

TO: Defendant Expedi, by and through its attorneys, Jeremy Fielding and Michael Kalis, Kirkland & Ellis, LLP, 1601 Elm Street, Suite 2700, Dallas, Texas 75201, Anna Rotman, Kirkland & Ellis, LLP, 609 Main Street, Houston, Texas 77002.

Pursuant to Tex. R. Civ. P. 197, Plaintiffs Rebound International, LLC and Bullseye Energy, LLC (collectively, "Plaintiffs") serve the following Objections and Answers to Defendant Expedi's First Set of Interrogatories. Plaintiffs reserve their right to amend and/or supplement their objections and answers below as additional information is discovered.

Dated: June 1, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Jeffrey A. Andrews
　　　　　　　　　　　　　　　　　　　Jeffrey A. Andrews
　　　　　　　　　　　　　　　　　　　State Bar No. 24050227
　　　　　　　　　　　　　　　　　　　Emma W. Perry
　　　　　　　　　　　　　　　　　　　State Bar No. 24102351
　　　　　　　　　　　　　　　　　　　YETTER COLEMAN LLP
　　　　　　　　　　　　　　　　　　　811 Main Street, Suite 4100
　　　　　　　　　　　　　　　　　　　Houston, Texas 77002
　　　　　　　　　　　　　　　　　　　(713) 632-8000
　　　　　　　　　　　　　　　　　　　jandrews@yettercoleman.com
　　　　　　　　　　　　　　　　　　　eperry@yettercoleman.com

　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFF
　　　　　　　　　　　　　　　　　　　REBOUND INTERNATIONAL, LLC
　　　　　　　　　　　　　　　　　　　BULLSEYE ENERGY, LLC

- 2 -

## CERTIFICATE OF SERVICE

      I certify that on June 1, 2020, a copy of this document was served on all counsel of record using the Court's e-filing system.

                                          */s/ Emma W. Perry*
                                          Emma W. Perry

**Preliminary Statement and Objections to "Definitions"**

1. By responding to a request, Plaintiffs do not waive any of their objections to that request.

2. Plaintiffs reserve their right to object to the admissibility of any documents they produces at trial or hearing.

3. By stating that Plaintiffs will produce documents related to a specific request, Plaintiffs are not asserting that such documents exist. Plaintiffs will produce documents if they exist and are discovered after a reasonable search after entry of a protective order.

4. Plaintiffs object to the definition of "Plaintiffs," "You" and "Your" as overly broad and unduly burdensome. The definition purports to include "former partners, principals, employees, officers, directors, managers, representatives, agents, advisors, or other person or entity acting or purporting to act on behalf of Plaintiffs. However, Plaintiffs do not have custody or control over such "former" persons and cannot reasonably collect information from them.

5. Plaintiffs object to the definition of "Plaintiffs," "You" and "Your" as vague and ambiguous. Plaintiffs can only know the identity of persons who are authorized to act on their behalf, not persons who "purport" to act on their behalf. Without an identification of such persons from T. Neal, Plaintiffs cannot know the scope of any request referring to such persons.

6. Plaintiffs object to the definition of "Rebound" as overly broad and unduly burdensome. The definition purports to include "former partners, principals, employees, officers, directors, managers, representatives, agents, advisors, or other person or entity acting or purporting to act on behalf of Plaintiffs. However, Plaintiffs do not have custody or control over such "former" persons and cannot reasonably collect information from them.

7. Plaintiffs object to the definition of "Rebound" as vague and ambiguous. Plaintiffs can only know the identity of persons who are authorized to act on their behalf, not persons who "purport" to act on their behalf. Without an identification of such persons from T. Neal, Plaintiffs cannot know the scope of any request referring to such persons.

8. Plaintiffs object to the definition of "Bullseye" as overly broad and unduly burdensome. The definition purports to include "former partners, principals, employees, officers, directors, managers, representatives, agents, advisors, or other person or entity acting or purporting to act on behalf of Plaintiffs. However, Plaintiffs do not have custody or control over such "former" persons and cannot reasonably collect information from them.

9. Plaintiffs object to the definition of "Bullseye" as vague and ambiguous. Plaintiffs can only know the identity of persons who are authorized to act on their behalf, not persons who "purport" to act on their behalf. Without an identification of such persons from T. Neal, Plaintiffs cannot know the scope of any request referring to such persons.

10.     Plaintiffs object to the instruction set forth in Paragraph 23 as improperly seeking the disclosure of attorney-client communications and/or information immune from discovery under the attorney work product doctrine. Plaintiffs will not provide the requested explanation.

## Specific Objections and Answers

**INTERROGATORY NO. 1:** Identify each Person that Plaintiffs worked with or otherwise engaged with in order to develop Plaintiffs' alleged Trade Secrets and each Person's role in developing Plaintiffs' alleged Trade Secrets.

**ANSWER:**

Plaintiffs object to this request as overly broad and unduly burdensome and as vague and ambiguous for the reasons stated in ¶¶ 4 and 5 above. In addition, Plaintiffs object that the information sought is confidential and that the trade secret status and confidential nature of this information could be negatively affected if publicly divulged or disclosed without the protection of an appropriate protective order entered by the court. Plaintiffs will supplement their answer to this interrogatory following the entry of an appropriate protective order, as discovery progresses, and as required under the TRCP.

**INTERROGATORY NO. 2:** Identify every Person to whom Plaintiffs provided or disclosed their alleged Trade Secrets. In your answer, identify which specific Trade Secrets were provided or disclosed, when and how they were communicated, and to whom they were provided or disclosed.

**ANSWER:**

Plaintiffs object to this request as overly broad and unduly burdensome and as vague and ambiguous for the reasons stated in ¶¶ 4 and 5 above. In addition, Plaintiffs object that the information sought is confidential and that the trade secret status and confidential nature of this information could be negatively affected if publicly divulged or disclosed without the protection of an appropriate protective order entered by the court. Plaintiffs will supplement their answer to this interrogatory following the entry of an appropriate protective order, as discovery progresses, and as required under the TRCP.

**INTERROGATORY NO. 3:** Identify all agreements Plaintiffs entered into in connection with any Person obtaining access to Plaintiffs' alleged Trade Secrets.

**ANSWER:**

Plaintiffs object to this request as overly broad and unduly burdensome and as vague and ambiguous for the reasons stated in ¶¶ 4 and 5 above. In addition, Plaintiffs object that the information sought is confidential and that the trade secret status and confidential nature of this information could be negatively affected if publicly divulged or disclosed without the protection of an appropriate protective order entered by the court. Subject to these objections, Plaintiffs respond as follows:

Bullseye entered into at least one agreement with TSC Manufacturing and Supply, LLC ("TSC") pursuant to which some trade secrets may have been shared with TSC. The agreement had a confidentiality provision preventing either party from divulging the others' confidential information. Plaintiffs will supplement their answer to this interrogatory following the entry of an appropriate protective order, as discovery progresses, and as required under the TRCP.

**INTERROGATORY NO. 4:** Identify the ways in which Plaintiffs contend they used their alleged Trade Secrets, including the time, place, length, and manner of such use. To the extent Plaintiffs did not use or implement their Trade Secrets, explain why they did not.

**ANSWER:**

Plaintiffs object to this request as overly broad and unduly burdensome and as vague and ambiguous for the reasons stated in ¶¶ 4 and 5 above. In addition, Plaintiffs object that the information sought is confidential and that the trade secret status and confidential nature of this information could be negatively affected if publicly divulged or disclosed without the protection of an appropriate protective order entered by the court. Plaintiffs will supplement their answer to

this interrogatory following the entry of an appropriate protective order, as discovery progresses, and as required under the TRCP.

**INTERROGATORY NO. 5:** Identify and describe each measure or precaution taken by Plaintiffs to protect or guard the alleged confidentiality or secrecy of Plaintiffs' alleged Trade Secrets. This includes, without limitation, identification of all security measures taken (including physical and electronic methods of storage); policies that governed who had access to them (internally and externally); lawsuits initiated by Plaintiffs in order to protect the confidentiality of Plaintiffs' alleged Trade Secrets; and any steps taken by Plaintiffs to ensure that any parties who received Plaintiffs' alleged Trade Secrets returned or destroyed those documents containing the alleged Trade Secrets.

**ANSWER:**

Plaintiffs object to this request as overly broad and unduly burdensome and as vague and ambiguous for the reasons stated in ¶¶ 4 and 5 above. In addition, Plaintiffs object that the information sought is confidential and that the trade secret status and confidential nature of this information could be negatively affected if publicly divulged or disclosed without the protection of an appropriate protective order entered by the court. Subject to these objections, Plaintiffs respond as follows:

Plaintiffs' efforts to keep trade secrets confidential included, but were not limited to, the following: (1) employees were required to execute non-disclosure agreements prior to obtaining access to confidential and trade secret information; (2) employees were provided with and required to adhere to the terms of employee handbook that also had provisions designed to keep confidential information from being spread; (3) internal policy of limiting transmission of confidential information via email when possible due to inherent security risk of email communication; (4) password protection of computers that contained confidential or trade secret information. Plaintiffs will supplement their answer to this interrogatory following the entry of an appropriate protective order, as discovery progresses, and as required under the TRCP.

**INTERROGATORY NO. 6:** Identify and describe all the ways in which Plaintiffs contend "GoExpedi" is "confusingly similar to Bulleye's [sic] product trademark 'GO'" as alleged in paragraph 20 of the Petition.

**ANSWER:**

The marks are confusingly similar at least because (1) the words are similar ("GoExpedi" includes Plaintiffs' mark "GO"); (2) Plaintiffs' and Defendants' services are the same or similar; (3) there is an identity of Plaintiffs' and Defendant's potential and actual customers and investors; (4) the visual marks are additionally similar because both include a similar fanciful graphic element, pictured below;

 

(5) Plaintiffs' have seen actual confusion in the marketplace, as discussed in their response to interrogatory number 7; and (6) Expedi intended to create confusion in the marketplace and among potential investors. Plaintiffs' reserve their right to supplement and/or amend this answer as discovery proceeds and in accordance with TRCP.

**INTERROGATORY NO. 7:** Identify and describe all of the facts Plaintiffs contend support their allegation in paragraph 38 of the Petition that the marks "GO" and "GoExpedi" "are likely to confuse customers, and have actually confused customers." Your answer should include the identity of all "customers" whom Plaintiffs contend were actually confused (and their address and contact information), the basis for that contention, and, by bates label, all Documents and Communications that Plaintiffs believe support that contention.

**ANSWER:**

Plaintiffs object that the identities of Plaintiffs' customers and potential customers are confidential and may not be divulged absent a protective order. Subject to these objections, Plaintiffs respond as follows:

Plaintiffs are currently aware of at least one potential customer they approached who expressed confusion and thought Plaintiffs and Expedi were affiliated due to the similarity of the marks. Plaintiffs will supplement their answer to this interrogatory following the entry of an appropriate protective order, as discovery progresses, and as required under the TRCP.

**INTERROGATORY NO. 8:** Identify all facts that Plaintiffs contend support their allegation in Paragraph 19 of the Petition that "the potential of Defendants' misdeed remained hidden until the [sic] 2018" and "[n]ot until 2019 did the extend of Defendants' misappropriation, breaches, and conspiracy become apparent."

**ANSWER:**

Plaintiffs object that the identities of Plaintiffs' customers and investors are confidential and may not be divulged absent an appropriate protective order. Subject to these objections, Plaintiffs respond as follows:

As far as Plaintiffs are currently aware, Expedi did not publicly launch until 2018. Before that time, Timothy Neal mislead Plaintiffs regarding his intentions after leaving Bullseye. Furthermore, Timothy Neal enlisted Jonathan Hamilton, an employee of one of Bullseye's business partners, to help him start Expedi. Mr. Hamilton also mislead Plaintiffs regarding his intentions upon leaving the partner. In 2019, Plaintiffs were given an investor presentation for Expedi from a potential investor who thought Plaintiffs' and Expedi's business plans seemed similar. At that point in time, Plaintiffs' realized that Expedi (through Timothy Neal) had stolen Plaintiffs' business plans. Plaintiffs will supplement their answer to this interrogatory following

- 8 -

the entry of an appropriate protective order, as discovery progresses, and as required under the TRCP.

**INTERROGATORY NO. 9:**  For each claim Plaintiffs assert against Defendants, identify and disclose:
   a. A computation of each category of damages claimed by Plaintiffs; and
   b. The Documents or other evidentiary material (by bates label) on which each computation is based, including materials bearing on the nature and extent of Plaintiffs' alleged injuries.

**ANSWER:**

Plaintiffs object that this interrogatory is premature because it seeks expert discovery. Plaintiffs object that the information sought is confidential and that the trade secret status and confidential nature of this information could be negatively affected if publicly divulged or disclosed without the protection of an appropriate protective order entered by the court. Subject to these objections, Plaintiffs respond as follows:

Plaintiffs laid out all categories of damages they currently seek in their First Amended Petition and will supplement their disclosures and this interrogatory response as discovery progresses.  Plaintiffs' reserve their right to supplement and/or amend this answer as discovery proceeds and in accordance with TRCP.

## VERIFICATION

My name is David Jung, my date of birth is November 12, 1985 and my business address is 150 West Sam Houston Pkwy North Ste. 2000. I am the Vice President of Rebound International, LLC, Plaintiff in this case owner of Bullseye Energy, LLC's intellectual property. I am authorized to make this verification on behalf of Plaintiffs Rebound International, LLC and Bullseye Energy, LLC. Pursuant to Tex. Civ. Prac. & Rem. Code § 132.001, I declare under penalty of perjury that the factual statements in the foregoing responses to Interrogatories are true and correct and based upon information gathered by Plaintiffs, my review of Plaintiffs' records, and my personal knowledge.

Executed in Harris County, State of Texas, on this 1st day of June, 2020.

*/s/ David Jung*