## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **EXPEDI, INC. d/b/a GOEXPEDI** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:20-cv-03897** |
| **REBOUND INTERNATIONAL, LLC** | § | |
| **AND GLOBAL OILER LLC,** | § | |
| | § | |
| *Defendants.* | § | |

---

### JOINT RULE 26(f) REPORT

---

Plaintiff Expedi, Inc. d/b/a GoExpedi ("GoExpedi" or "Plaintiff") and Defendants Rebound International, LLC ("Rebound") and Global Oiler LLC (collectively, "Defendants," and together with Plaintiff, the "Parties") submit the following Report and Discovery Plan under Federal Rule of Civil Procedure 26(f).

1.     **Rule 26(f) Conference:**   Plaintiff and Defendants (collectively, the "Parties") conducted a Rule 26(f) conference on April 20, 2021.  The following counsel attended:

For Plaintiff:
Jeremy A. Fielding, P.C.
Texas Bar No. 24040895
SDTX License No. 1012277
Michael Kalis
Texas Bar No. 24092606
SDTX License No. 3610552
1601 Elm Street
Dallas, Texas 75201
Telephone:     (214) 972-1770
Facsimile:     (214) 972-1771
Email: jeremy.fielding@kirkland.com
        michael.kalis@kirkland.com

For Defendants:
Jeffrey A. Andrews
Texas Bar No. 24050227
Thomas Morrow
Texas Bar No. 24039073
Emma W. Perry
Texas Bar No. 24102351
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002 (Fax)
jandrews@yettercoleman.com
tmorrow@yettercoleman.com
eperry@yettercoleman.com

1

**2.**      **Cases related to this one that are pending in any state or federal court**.

Rebound and its predecessor, Bullseye Energy, LLC ("Bullseye"), sued GoExpedi, Timothy Neal ("T. Neal"), and Lawrence Neal ("L. Neal") on January 13, 2020, in the District Court of Harris County, Texas, 133rd Judicial District, Cause No. 2020-02006. The parties served discovery requests and conducted limited written discovery. The state court ordered all claims against T. Neal into arbitration on October 27, 2020. Rebound and Bullseye brought claims against T. Neal in arbitration on March 4, 2021. On March 23, 2021, GoExpedi and L. Neal filed a motion in state court to stay proceedings pending resolution of the arbitration. The state court is scheduled to hear oral argument on the motion to stay on May 6, 2021.

The arbitration proceedings are administered by the American Arbitration Association (the "AAA"), Case No. 01-21-0002-1683. An arbitrator has not been assigned yet.

**3.**      **Briefly describe what this case is about.**

This case is a trademark dispute. GoExpedi alleges that Defendants are using marks that infringe on GoExpedi's marks. GoExpedi seeks preliminary and permanent injunctive relief and any other applicable relief.

Defendants dispute and deny GoExpedi's claims.

**4.**      **Specify the allegation of federal jurisdiction.**

This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because GoExpedi asserts claims arising under federal law, the Lanham Act, 15 U.S.C. § 1114.

**5.**      **Name the parties who disagree and the reasons.**

The parties agree on the allegation of federal jurisdiction, subject to Defendants' motion to dismiss, Dkt. 11.

**6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The Parties do not anticipate additional parties being added at this time.

**7.      List anticipated interventions.**

The Parties do not anticipate interventions at this time.

**8.      Describe class-action issues.**

The Parties do not anticipate there being class-action issues.

**9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

The Parties will exchange their Rule 26(a) initial disclosures on May 4, 2021, 14 days

after the 26(f) conference.

**10.     Discovery Plan.  Describe the proposed agreed discovery plan, including:**

**a.      Responses to all the matters raised in Rule 26(f) conference:**

(i)      26(f)(3)(A). What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

See paragraph 9 above regarding when the parties will exchange their disclosures under Rule 26(a).

(ii)     26(f)(3)(B). The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

All information is subject to change based on substantive changes to the parties' claims and defenses, agreement by the parties, or other material reasons:

1.   Subjects: ownership of marks, use of parties' marks in commerce, confusion caused by marks, public perception of marks, damages (including, but not limited to, lost revenue, business opportunity, and good will), Defendant's defenses, including laches, unclean hands, and lack of standing.

2. <u>Phases</u>:  Fact discovery will begin the day after the Court's ruling on the motion to dismiss and will last for 8 months. Expert discovery will begin the day after fact discovery ends and will last for 4 months.

(iii)    26(f)(3)(C). Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

None at this time. Plaintiff urges that ESI should be produced in the form which it is accessed and used by the user or custodian. Defendants urge that ESI should generally be produced as TIF or JPEG image with load file unless there is good cause is shown for production of native files.

(iv)    26(f)(3)(D). Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

The parties agree that communications between the party and litigation counsel that occurred after initiation of the related state court lawsuit need not be included in a privilege log.

(v)    26(f)(3)(F). Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

The Court has already entered a protective order in this matter.

**b.    When and to whom Plaintiff anticipates it may send interrogatories:**

(i)    Rebound International, LLC

(ii)    Global Oiler LLC

Plaintiff anticipates doing so during the fact discovery period.

**c.    When and to whom the Defendants anticipate they may send interrogatories.**

(i)    Expedi, Inc.

**d.    Of whom and by when Plaintiff anticipates taking oral depositions.**

(i)    Rebound International, LLC

(ii)    Global Oiler LLC

(iii)    David Jung

(iv)    Morgan Zhang

4

    (v)    Third party actual and potential customers, including those whom Defendants contend experienced confusion.

    (vi)    Defendants' experts.

Plaintiff anticipates taking the fact witness depositions within the first 6 months of the fact discovery period and the expert witness depositions during the expert discovery period.

**e.    Of whom and by when Defendants anticipate taking oral depositions.**

    (i)    Expedi, Inc.

    (ii)    Timothy Neal

    (iii)    Lawrence Neal

    (iv)    Jonathan Hamilton

    (v)    Natalya Naidoo

    (vi)    Third party actual and potential customers, including those whom either party contend experienced confusion, and investors.

    (vii)    Plaintiff's experts.

Defendant anticipates taking the fact witness depositions within the first 6 months of the fact discovery period and the expert witness depositions during the expert discovery period.

**f.    When Plaintiff will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).**

Plaintiff intends to designate experts by the first day of the expert discovery period and responsive experts (whose identities have not yet been determined) after Defendants designate their experts. The Plaintiff will provide expert reports 30 days after the expert discovery period commences.

**g.    When Defendants will be able to designate responsive experts and provide their reports.**

The Defendants will designate their experts and provide expert reports 30 days after Plaintiffs provide their expert reports.

    **h.**    **Expert depositions that the plaintiff (or the party with the burden of proof on an issue) anticipates taking, and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

The Parties intend to depose the experts designated by one another after expert reports have been exchanged and earlier than two weeks before the end of the expert discovery period.

    **i.**    **List expert depositions that the opposing party anticipates taking, and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

The Parties intend to depose the experts designated by one another after expert reports have been exchanged and earlier than two weeks before the end of the expert discovery schedule period.

    **j.**    **Other discovery matters agreed upon by the parties.**

The parties agree to (i) limits on written discovery, where limits on written discovery in FRCP 33(a)(1) and  FRCP 36(a)(1) (through FRCP 26(b)(2)(A)) should be set by "side" not by "party"; and (ii) limits under FRCP 30(d)(1) on depositions of parties taken under FCRP 30(b)(6), where parties agree that depositions of parties be limited to 7 hours per side, consistent with the parties' agreement for expedited discovery in this case (explained in Section 12). The parties also agree that expedited discovery will not count against the limits for this discovery.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party**.

The Parties agree as to the discovery plan outlined in this report, except for the treatment of ESI (see Section 10.a.iii).

**12.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The Parties have conducted discovery pursuant to the Court's Order Regarding Expedited Discovery on Plaintiff's Motion for Preliminary Injunction, dated December 11, 2020 (Dkt. 10). This included exchange of up to 3 interrogatories and 5 requests for production of documents per

side (Plaintiff and Defendants), and a 3-hour deposition of the corporate representative for each side.

**13.    State the date by which the planned discovery can reasonably be completed.**

Fact and expert discovery can be completed within 12 months of the Court's ruling on the motion to dismiss.

**14.    Describe the possibilities for a prompt settlement or resolution of the cases that were discussed in the 26(f) meeting.**

The Parties have discussed settlement and are evaluating an exchange of information that will permit the parties to have meaningful discussions concerning the resolution of this and related disputes.

**15.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

    **a.**    <u>Plaintiff's Actions</u>: Plaintiff has offered that if Defendants cease using their mark containing the flame design, and return to their red liquid drop design, then Plaintiff will drop this suit.  Plaintiff has also raised the possibility of a global resolution of this case and the state court case and arbitration referenced in Paragraph 2 above. Plaintiff has offered to consolidate claims between the parties in the arbitration proceeding referenced in Paragraph 2 above or this federal case. Beyond this, on multiple occasions, Plaintiff has invited Defendants to provide a settlement offer, but Defendants have not provided an offer yet. Plaintiff disagrees with the Defendants' characterizations in the paragraph below, including about why it brought this lawsuit and the discovery matters.  Defendant Rebound filed a state court case against Plaintiff's CEO in violation of an agreement to arbitrate. Plaintiff's CEO is simply enforcing those rights; and Plaintiff here is enforcing its trademark rights.

    **b.**    <u>Defendants' Actions</u>: Plaintiff brought this case as a retaliatory action in an attempt to force settlement of the underlying dispute in which Plaintiff and its principals are alleged to have misappropriated Defendants' trade secrets, breached fiduciary duties owed to Defendants' predecessors, and conspired to breach these fiduciary duties. At the same time, Plaintiff has engaged in numerous procedural tactics, including the filing of this lawsuit, to avoid producing documents necessary for Defendants to evaluate these underlying claims. The parties are exploring whether Plaintiff and its principals are willing to produce documents that Defendants believe are necessary for it to evaluate the underlying claims and provide a concrete settlement position.

16. **From the attorneys' discussion with their clients, state the alternative dispute resolution techniques that are reasonably suitable, and state when such techniques may be effectively used in the case.**

Plaintiff is amendable to an early mediation or consolidating the claims between the parties asserted in all forums in the existing arbitration proceeding discussed in Paragraph 2 above.

Defendants would be willing to consider mediation subject to Plaintiff's production of documents as described in Section 15.b, above.

17. **Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

There is no joint agreement on a trial before a magistrate judge.

18. **State whether a jury demand has been made and whether it was made on time.**

A jury demand has been timely made.

19. **Specify the number of hours that it will take to present the evidence in this case.**

At this time, the Parties anticipate it will take approximately 20 to 25 hours to present the evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

At the time of this report, are no pending motions that are suitable for ruling at the initial pretrial and scheduling conference.

21. **List other pending motions.**

Plaintiff's Amended Motion for Preliminary Injunction (Dkt. 17); and

Defendant's Motion to Dismiss (Dkt. 11).

22. **Indicate other matters peculiar to the case, including discovery issues, that deserve the special attention of the Court at the conference.**

None at this time.

23. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

For Plaintiff:
Jeremy A. Fielding, P.C.
Texas Bar No. 24040895
SDTX License No. 1012277
Michael Kalis
Texas Bar No. 24092606
SDTX License No. 3610552
1601 Elm Street
Dallas, Texas 75201
Telephone:     (214) 972-1770
Facsimile:     (214) 972-1771
Email: jeremy.fielding@kirkland.com
          michael.kalis@kirkland.com
and
Anna G. Rotman, P.C.
Texas Bar No. 240467661
SDTX License No. 6277249
Diana Clough Benton
Texas Bar No. 24116098
SDTX License No. 3657449
609 Main Street, Suite 4500
Houston, Texas 77002
Telephone:     (713) 836-3600
Facsimile:     (713) 836-3601
Email: anna.rotman@kirkland.com
          diana.benton@kirkand.com

For Defendants:
Jeffrey A. Andrews
Texas Bar No. 24050227
Thomas Morrow
Texas Bar No. 24039073
Emma W. Perry
Texas Bar No. 24102351
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002 (Fax)
jandrews@yettercoleman.com
tmorrow@yettercoleman.com
eperry@yettercoleman.com

24. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments**.

Defendants filed their Certificate of Interested Parties and Corporate Disclosure Statement on April 20, 2021.

9

## CERTIFICATE OF SERVICE

I hereby certify that on 4/27/2021, a true and correct copy of the foregoing document was served in accordance with the Local Rules on all counsel of record via the Court's electronic filing system.

*/s/ Jeremy A. Fielding*
Jeremy A. Fielding